

# The Attorney General of Texas

January 15, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

Alberta Ave., Suite 160
so, TX. 79905
33-3484

Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas    78756

Open Records Decision No. 303

Re:   Whether details of the manufacture of medication should be withheld from disclosure under the Open Records Act

Dear Dr. Bernstein:

You have requested our decision under the Open Records Act, article 6252-17a, V.T.C.S., as to whether details regarding the manufacture of a certain medication are available to the public.

Ortho-Tex of San Antonio, the manufacturer of chemolase, a proteolytic enzyme used in the treatment of lumbar disc disease, recently submitted an application to the Texas Department of Health to manufacture, sell and distribute chemolase in the state of Texas. A competitor has requested a copy of that portion of the application which provides the details of the method of manufacturing chemolase. You suggest that this information is excepted from disclosure under section 3(a)(10) of the Open Records Act as:

> trade secrets and commercial or financial information obtained from a person and privileged or confidential by statute or judicial decision.

The section 3(a)(10) exception is patterned after an almost identical provision in the federal Freedom of Information Act, which exempts "trade secrets and commercial or financial information obtained from any person and privileged or confidential." 5 U.S.C. §552(b)(4). When the legislature adopts language from another jurisdiction, it is presumed to have intended it to have the same meaning. State v. Weiss, 171 S.W.2d 848, 851 (Tex. 1943). The legislative history of the federal provision makes it clear that manufacturing processes were intended to be included within this exception. The House Report accompanying the legislation notes that the exception:

> ...exempts such material if it would not customarily be made public by the person from whom

> it was obtained by the Government. The exemption
> would include business sales statistics,
> inventories, customer lists, scientific or
> manufacturing processes or developments, and
> negotiation positions or requirements in the case
> of labor-management mediations. (Emphasis added).

House Report No. 1497, 89th Cong., 2d Sess. 10 (1966), U.S. Code Cong.
& Adm. News 2148, 2427. See Open Records Decision Nos. 255 (1980);
107 (1975).

Since a manufacturing process is clearly within the meaning of
"trade secret," and since the applicant, Ortho-Tex, regards the
information as a "trade secret," we are of the opinion that the
details of the method of manufacturing chemolase are excepted from
disclosure under section 3(a)(10) of the Open Records Act.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Walter Davis
Rick Gilpin
Jim Moellinger